DECISION AND JOURNAL ENTRY
{¶ 1} Defendant, Eric L. Mack, appeals the judgment of the Summit County Court of Common Pleas finding him guilty of illegal manufacture of drugs, possession of cocaine, and having a weapon under disability. We affirm Defendant's convictions.
 {¶ 2} After a jury trial in which Defendant was tried along with coD-efendant, Marlon B. Lee, Defendant was convicted of illegal manufacture of drugs, in violation of R.C. 2925.04, a second degree felony, possession of cocaine, in violation of R.C.2925.11, a felony of the fifth degree, having a weapon under disability, under R.C. 2923.13(A)(3), and a minor misdemeanor possession of marijuana. The trial court sentenced him to a total prison term of two years.
 {¶ 3} Defendant now appeals his conviction, asserting two assignments of error for our review.
 ASSIGNMENT OF ERROR I
"[Defendant's] convictions were based upon insufficient evidence as a matter of law."
 {¶ 4} In his first assignment of error, Defendant claims that his convictions were based upon insufficient evidence. We find that Defendant waived this assignment of error.
 {¶ 5} Defendant made a motion for acquittal at the conclusion of the State's case. After he moved for acquittal, he put on a defense witness. Defendant failed thereafter to renew his motion for acquittal at the close of all of the evidence, thus he waived the issue.
"[A] defendant who is tried before a jury and brings a Crim.R. 29(A) motion for acquittal at the close of the state's case waives any error in the denial of the motion if the defendant puts on a defense and fails to renew the motion for acquittal at the close of all the evidence." State v. Antoline, 9th Dist. No. 02CA008100, 2003-Ohio-1130 at ¶ 38, quoting State v. Miley
(1996), 114 Ohio App.3d 738, 742.
 {¶ 6} Upon reviewing the record, we find that Defendant failed to preserve any objection to the sufficiency of the evidence. As a result, we need not further consider his first assignment of error. See State v. Widder, 9th Dist. No. 21383, 2003-Ohio-3925, at ¶ 5; State v. Jaynes, 9th Dist. No. 20937, 2002-Ohio-4527 at ¶ 7-8. Defendant's first assignment of error is overruled.
 ASSIGNMENT OF ERROR II
"[Defendant's] convictions were against the manifest weight of the evidence."
 {¶ 7} In his second assignment of error, Defendant maintains that his convictions were against the manifest weight of the evidence. We disagree.
 {¶ 8} When a defendant maintains that his conviction is against the manifest weight of the evidence,
"an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Otten (1986),33 Ohio App.3d 339, 340.
 {¶ 9} This court may only invoke the power to reverse based on manifest weight in extraordinary circumstances where the evidence presented at trial weighs heavily in favor of a defendant. Id. "Judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence." Sykes Constr. Co. v. Martell (Jan. 8, 1992), 9th Dist. Nos. 15034 and 15038, at 6, quoting C.E. MorrisCo. v. Foley Constr. Co. (1978), 54 Ohio St.2d 279, syllabus.
 {¶ 10} In the discussion of his second assignment of error, Defendant first takes issue with his conviction for Illegal Manufacture of Drugs. Specifically, Defendant claims that the items the police found in their search "merely show the possibility of manufacture (of drugs)" and do not conclusively support his conviction. In a manifest weight review, we are limited to determining whether "the trier of fact clearly lost its way" in convicting Defendant. Otten, 33 Ohio App.3d at 340. Defendant does not allege that his conviction for Illegal Manufacture of Drugs was against the manifest weight of the evidence, he merely claims that the evidence "`could' be the product of manufacture." In light of the fact that Defendant has not even argued that his conviction for Illegal Manufacture of Drugs was against the manifest weight of the evidence, we will not reverse his conviction on manifest weight grounds.
 {¶ 11} Defendant next argues that as he did not actually live in the premises, it was against the manifest weight of the evidence for the jury to have found that he knowingly possessed a weapon under disability and that he knowingly possessed cocaine. We disagree.
 {¶ 12} Defendant was convicted of possession of cocaine under R.C. 2925.11, which provides that "[n]o person shall knowingly obtain, possess, or use a controlled substance," and of having a weapon under disability under R.C. 2923.13(A)(3), which states that "no person shall knowingly acquire, have, carry, or use any firearm * * * [if] * * * [t]he person is under indictment for * * * any offense involving the illegal possession, use sale, administration, distribution, or trafficking in any drug of abuse[.]" Defendant was under indictment for felony possession of cocaine at the time of his arrest.
 {¶ 13} The surrounding facts and circumstances must be looked at in order to determine whether a defendant knowingly possessed a controlled substance and/or weapon. State v. Teamer (1998),82 Ohio St.3d 490, 492. Possession is defined as "having control over a thing or substance[.]" R.C. 2925.01(K). Actual possession entails ownership or physical control, whereas constructive possession is defined as "knowingly exercise[ing] dominion and control over an object, even though [the] object may not be within his immediate physical possession." State v. Hankerson
(1982), 70 Ohio St.2d 87, syllabus; State v. Messer (1995),107 Ohio App.3d 51, 56. Circumstantial evidence may establish constructive possession. Moreover, ownership is not a prerequisite to the finding of constructive possession. State v.Smith, 9th Dist. No. 20885, 2002-Ohio-3034 at ¶ 13, citingState v. Mann (1993), 93 Ohio App.3d 301, 308. In the case at hand, we find that the evidence supports the finding that Defendant had constructive possession of both the cocaine and the weapon in question.
 {¶ 14} After the police observed an information source purchase crack cocaine from 585 Montgomery Avenue with money supplied by the Akron Street Narcotics Uniform Detail (SNUD), a search warrant of that premises was procured. The search warrant was executed upon the belief that there was more crack cocaine inside of the residence.
 {¶ 15} Detective Harvey of the Akron Police Department testified that on October 5, 2004, he, along with multiple other members of the SNUD Department, went to 585 Montgomery Avenue to execute the search warrant. While multiple officers approached the front of the residence, Officer Harvey went around to the back. As other officers knocked on the front door and announced "Akron police, search warrant," Detective Harvey observed, from the back of the house, Defendant running from the living room into the kitchen.
 {¶ 16} Having entered the premises, Detectives found, on the coffee table in the living room, a digital scale with what was confirmed to be crack cocaine residue. Detective Male testified that he went into the kitchen found Defendant standing next to a plastic cup on the kitchen counter filled with water and crack cocaine. The substance in the cup was sent for testing where it was confirmed to, in fact, be crack cocaine. Furthermore, inside one of the kitchen cabinets, Detective Male discovered a glass jar, typical of the kind necessary to make crack, with heavy crack cocaine residue inside of it. Defendant does not contest that the crack cocaine inside of the plastic cup was readily useable and within close proximity to where he was found.
 {¶ 17} "[R]eadily usable drugs * * * in close proximity to a defendant may constitute sufficient and direct circumstantial evidence to support a finding of constructive possession." Statev. Varner, 9th Dist. No. 21056, 2003-Ohio-719, at ¶ 19, citingState v. Pruitt (1984), 18 Ohio App.3d 50, 58; Hamilton v.Barnett (Aug. 3, 1998), 12th Dist. No. CA97-11-222; State v.Williams (Dec. 7, 2000), 8th Dist. No. 76816.
 {¶ 18} Upon review of the evidence presented at trial, it is clear that the jury could conclude, beyond a reasonable doubt, that Defendant was in possession of the cocaine. The evidence indicates that the drugs were readily usable and within easy access of Defendant thus constituting sufficient and direct circumstantial evidence to support a finding of constructive possession. See Varner at ¶ 19.
 {¶ 19} In addition to the above evidence, the State produced evidence that Defendant was the lessee of the premises. "[Defendant] stated to [Officer Harvey] that he was on the lease." After Defendant was arrested, the landlord of 585 Montgomery was contacted and he led the Detectives to believe that Defendant was the legal tenant of the premises. Additionally, Gerald Forney, a Sergeant in the Street Narcotics Uniform Detail testified that he found, in the living room of the residence, an eviction notice addressed to Eric Mack at 585 Montgomery Street.
 {¶ 20} In conducting their search of the premises, the police discovered a weapon in the living room. As with evidence establishing possession of a controlled substance, constructive possession of a weapon requires immediate access to that weapon.State v. Butler (1989), 42 Ohio St. 3d 174, 176. Circumstantial evidence can be used to support a finding of constructive possession. State v. Grundy (Dec. 9, 1998), 9th Dist. No. 19016. The weapon which formed Defendant's conviction for having a weapon under disability was a fully operable Tech 9 .22 caliber submachine pistol which was found under a couch cushion. In a lockbox upstairs, ammunition for the pistol was discovered along with a counterfeit $100 bill. The key to the lockbox was found downstairs on the kitchen table. As Defendant was found to be the leaseholder of the premises, it can be inferred that he had immediate access to the weapon. See State v. Yelling, 9th Dist. No. 22056, 2004-Ohio-5185.
 {¶ 21} Based on this evidence, a reasonable finder-of-fact could have found the drugs and the weapon to be within the possession of Defendant, and convicted him accordingly. There is no basis from the evidence presented to conclude that the finder of fact lost its way or created a manifest miscarriage of justice. See Otten, 33 Ohio App.3d at 340. Therefore, we find that Defendant's convictions were not against the manifest weight of the evidence.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Whitmore, J. Moore, J. Concur.