# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 97727**

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## WALTER HOBBS

DEFENDANT-APPELLANT

---

## JUDGMENT:
## AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-552652

**BEFORE:**   Rocco, J., Celebrezze, P.J., and E. Gallagher, J.

**RELEASED AND JOURNALIZED:**   September 6, 2012

[Cite as *State v. Hobbs*, 2012-Ohio-4051.]

**ATTORNEY FOR APPELLANT**

John B. Gibbons
2000 Standard Building
1370 Ontario Street
Cleveland, Ohio   44113

**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor

BY:   Justin S. Gould
Assistant Prosecuting Attorney
The Justice Center
1200 Ontario Street
Cleveland, Ohio   44113

KENNETH A. ROCCO, J.:

{¶1} Defendant-appellant Walter Hobbs appeals from his conviction for having a weapon while under disability ("HWUD").

{¶2} Hobbs presents one assignment of error, asserting that his conviction is not supported by the manifest weight of the evidence. Upon a review of the record, this court disagrees. His conviction, consequently, is affirmed.

{¶3} Hobbs's conviction resulted from an incident that occurred on the evening of July 19, 2011. At approximately 8:00 p.m., the Cleveland Police Department received a call of shots fired at 635 E. 118th Street by a male wearing red and black clothing. The police dispatcher relayed the information to units in the area.

{¶4} Several police zone cars responded to the dispatch. Among the six police officers who arrived were Officers Carl Dooley, Raul Atanacio, and Dan McCandless.

{¶5} Dooley testified that when he and Atanacio exited their zone car, he observed Hobbs standing in the yard. In response to their questions concerning the dispatch, Hobbs told the officers that he had "been there all day in the yard working," but had not seen anything.

{¶6} Hobbs also told the officers that he lived there with his girlfriend and her son, who were inside the house. Hobbs followed the officers onto the

porch to the front door. Dooley and Atanacio both observed spent .45 caliber bullet casings near the door. Hobbs explained their presence by stating that he "puts rounds around the house so everyone knows he means business."

{¶7} Hobbs's girlfriend, Jacqueline Jackson, came to the door and admitted the officers into the house. As they stood inside speaking to Jackson, her son came into sight. The young man was wearing red and black clothing. Because his clothing matched the description of the shooter, the young man was placed under arrest. Atanacio began to walk the young man to the zone car.

{¶8} Hobbs during this time continually acted in a manner that disrupted the investigation of the incident, so McCandless eventually arrested Hobbs for obstruction of official business. A pat-down of his person yielded a cloth bag that contained 20 9 mm bullets.

{¶9} At that point, the officers conducted a search of the premises. They found additional spent casings on the pavement of the driveway and in a bush, along with two handguns "behind the house"; one was a 9 mm and one was a 45 mm. McCandless testified: "[T]he .45 was unloaded, with no rounds * * * in the gun. But the .9 millimeter * * * had a magazine with 15 live rounds in the gun."

{¶10} Hobbs proved to be a difficult prisoner, so he ultimately was indicted in this case on three counts, charged with HWUD, aggravated menacing, and inmate harassment. He executed a waiver of his right to a jury trial. Hobbs also stipulated to the fact of a prior conviction for attempted murder and to the fact that both weapons were operable.

{¶11} After considering the state's evidence, the trial court granted Hobbs's motion for acquittal with respect to the charge of aggravated menacing. Hobbs then testified in his own defense and presented Jackson as a witness. At the conclusion of the evidence, the trial court found Hobbs guilty of the two remaining charges. Hobbs received a prison sentence that totaled nine months.

{¶12} Hobbs challenges only his conviction for HWUD in this appeal. He presents the following assignment of error.

**"I.   The court's judgment of conviction and sentence of Walter Hobbs for the offense of having a weapon while under disability was contrary to the manifest weight of the evidence."**

{¶13} Hobbs asserts that the manifest weight of the evidence failed to establish the element of possession necessary for a conviction of the offense of HWUD. This court disagrees.

{¶14} In determining whether a conviction is against the manifest weight of the evidence, a reviewing court must examine the entire record, weigh the evidence presented and all reasonable inferences therefrom, consider the credibility of witnesses, and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. *State v. Thompkins*, 78 Ohio St.3d 380, 387, 678 N.E.2d 541 (1997), quoting *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist. 1983). A reviewing court must, however, allow the trier of fact appropriate discretion with respect to matters relating to the weight of the evidence and the credibility of the witnesses. *State v. DeHass*, 10 Ohio St.2d 230, 231, 227 N.E.2d 212 (1st Dist.1967).

{¶15} In this case, the trial court determined Hobbs was guilty of HWUD in violation of R.C. 2923.13(A)(2), which provides in relevant part:

> (A) * * * no person shall knowingly acquire, have, carry, or use any firearm or dangerous ordnance, if any of the following apply:
> * * * (2) The person * * * has been convicted of any felony offense of violence * * * .

{¶16} The words "acquire, have, carry or use" are words that connote possession. Possession of a thing can be either actual or constructive. Actual possession requires ownership and/or physical control. *State v. Hardy*, 60 Ohio App.2d 325, 397 N.E.2d 773 (8th Dist.1978). In this case,

guns were found behind Jackson's house, not on Hobbs's person. The evidence, therefore, must demonstrate that Hobbs constructively possessed a gun or that he had the gun on his person just prior to the arrival of the police officers.

{¶17} Constructive possession exists when an individual exercises dominion and control over an object, even though that object may not be within his immediate physical possession. *State v. Hankerson*, 70 Ohio St.2d 87, 434 N.E.2d 1362 (1982). The state may prove dominion and control solely through circumstantial evidence. *State v. Edmonds*, 8th Dist. No. 90931, 2009-Ohio-231, ¶ 15, citing *State v. Mack*, 9th Dist. No. 22580, 2005-Ohio-5808.

{¶18} Constructive possession may be inferred when a defendant has equipment on his person that a gun found nearby fits. *State v. Israel*, 9th Dist. No. 15487, 1992 Ohio App. LEXIS 3797 (July 22, 1992) (a gun fitting the ankle holster defendant wore was found 20 to 25 yards from defendant's car). In this case, the officers responded to Jackson's house based upon reports of shots fired. The officers' testimony was consistent in all major details.

{¶19} Hobbs told the officers he lived there. The officers saw spent bullet casings on the porch and the driveway. Two guns were found behind Jackson's house. One of the guns was a 45 mm, which was empty and which

the spent casings matched. The other was a 9 mm, which was loaded with the same type of bullets found in Hobbs's pocket.

{¶20} Although Jackson testified that Hobbs did not live at her house, her testimony was suspect because, although she admitted they were close, she claimed she did not know where he lived. Hobbs declared on cross-examination that he thought of Jackson's son as his own, that he saw himself as a "role model," and that his previous conviction resulted from self-protection. Otherwise, Hobbs's testimony on direct examination was illogical in many respects. The trial court stated in finding him guilty that it found his testimony to be "not credible."

{¶21} Under these circumstances, the trial court acted within its prerogative to believe that Hobbs constructively possessed the 9 mm gun. Hobbs's conviction, therefore, was supported by the manifest weight of the evidence. *State v. Jackson*, 8th Dist. No. 97204, 2012-Ohio-2196, ¶ 23.

{¶22} Accordingly, his assignment of error is overruled.

{¶23} Hobbs's conviction is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's

conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
KENNETH A. ROCCO, JUDGE

FRANK D. CELEBREZZE, JR., P.J., and
EILEEN A. GALLAGHER, J., CONCUR

[Cite as *State v. Hobbs*, 2012-Ohio-4051.]